Dear Mr. Fielkow:
Our office received an opinion request from you concerning gatherings of members of the New Orleans City Council (Council). Your letter indicates that the Council is made up of seven members, and that Section 3-107 of the Home Rule Charter for the City of New Orleans (Charter) provides that five members of the Council constitute a quorum. Additionally, through adopted Rules and Regulations, you state that the Council has established fifteen Standing Committees whose memberships are composed of three Council Members, with one additional member serving as an alternate.
Specifically, your request letter asks our office to address:
1. Whether a majority of members of the Council, when assembled informally, may discuss matters which are or may come before the Council when no decisions are being made on the matters discussed; and
2. Whether a majority of the members of a committee of the Council, when assembled informally, may discuss matters which are or may come before their respective committees when no decisions are being made on the matters being discussed.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:4.1 et seq., was enacted by the *Page 2 
Louisiana Legislature to protect and define the scope of the constitutional right of access to observe the deliberations of public bodies.
The purpose of the Open Meetings Law is clearly set forth in La.R.S. 42:4.1(A), which provides:
[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.
As provided for in La.R.S. 42:5, every meeting of a public body is required to be open to the public, unless closed pursuant to La.R.S. 42:6, 42:6.1 or 42:6.2.
Before addressing the specific questions in your opinion request, we note the inconsistency between Section 3-107 of the Charter, which states that five members of the seven member Council constitute a quorum, and La.R.S. 42.4.2(A)(3), which defines a quorum as a simple majority of the public body. In other words, the Charter provides that when five Council Members are together, such number constitutes a quorum and the Open Meetings Law provides that when four Council Members are together, such number constitutes a quorum. The consequence of this inconsistency is highlighted in La.R.S. 42:4.2 which defines a "meeting" of a public body as:
the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
La.R.S. 42:4.2(A)(1) (Emphasis added).
Section 3-108 of the Charter provides that "meetings of the Council and its committees shall be open to the public in accordance with applicable state and municipal law." Thus, we look to the Open Meetings Law for the applicable rules regarding when a meeting of the Council and its committees occurs.
A meeting of the Council under Section 3-107 of the Charter occurs whenever five Council Members are convened, and a meeting under the Open Meetings Law (the applicable state law referred to by Section 3-108 of the Charter) occurs whenever four Council Members are convened. When a simple majority, or four members, of the Council convene to deliberate, act, or receive information on a matter over which the Council has supervision, control, jurisdiction, or advisory power, such meeting is subject *Page 3 
to the Open Meetings Law. However, we note that this analysis is limited to application of the Open Meetings Law, and the Charter's definition of a quorum will continue to apply for any relevant internal compliance with voting requirements contained within the Charter and for the validity of the conduct of official business by the Council.
The first issue you have asked our office to address is whether a majority of members of the Council, when assembled informally, may discuss matters which are or may come before the Council when no decisions are being made on the matters discussed.
La.R.S. 42:5 requires all meetings of public bodies to be open to the public, unless properly closed pursuant to specific provisions in the Open Meetings Law. Thus, the analysis turns to whether the gathering qualifies as a "meeting" under the Open Meetings Law.
As discussed above, La.R.S. 42:4.2(A)(1) provides that a "meeting" of a public body occurs whenever a quorum of a public body is convened to deliberate, act on or receive information regarding a matter over which the public body has supervision, control, jurisdiction or advisory power. Additionally, La.R.S. 42:4.2(B) provides that the Open Meetings Law does not apply to chance meetings or social gatherings of members of a public body when no vote or other action is taken.
Whether or not a quorum of the public body could be said to be "convening" for the purposes of the Open Meetings Law requires an assessment of the particular facts relevant to the particular situation, taking into account both the instruction to interpret the Open Meetings Law liberally and the public policy underlying this body of law. See La. Atty. Gen. Op. No. 08-0239. As noted in La. Atty. Gen. Op. No. 89-352, "[t]he mere fact that a quorum is present in any particular location does not cause a violation of the Open Meetings Law." In considering telephone conversations involving less than a quorum of a school board, the Second Circuit stated:
Generally, in our view, informal discussions between public officials would have to reach a much more structured level with secretive binding force on at least a quorum of the membership before the Open Meetings Law would be implicated. . .we find that the informal exchange of ideas and opinions preliminary to a meeting of elected officials is important for the issues of agenda setting and compromise that make a deliberative body function efficiently.
Mabry v. Union Parish School Board, 42,856, p. 4 (La.App. 2 Cir. 1/16/08); 974 So.2d 787, 789-90.
Again, we note that the analysis in the above referenced case was limited to discussions between individual members of a public body where a quorum was not present. It is the opinion of this office that if four or more Council Members are gathered and deliberate, act or receive information regarding matters which are or may come *Page 4 
before the Council, this gathering would fall within the definition of a "meeting" of a public body under La.R.S. 42:4.1(A)(1) and must comply with the requirements of La.R.S. 42:4.1 et seq. As provided clearly in La.R.S. 42:4.2(B), the Open Meetings Law does not necessarily require compliance with La.R.S. 42:4.1 et seq. when a majority of a public body gathers at a social event. However, a public body cannot use a social event as a means to discuss matters which should be properly discussed at an open meeting of the public body. Even if an event is informal or purely social, and no decisions are being made, a quorum of the members of a public body should avoid deliberating or receiving information regarding matters over which the public body has supervision, control, jurisdiction or advisory power.
Your letter also provides that the Council has established fifteen standing committees, whose membership is composed of three members, with one additional member serving as an alternate. You have asked whether a majority of members of a committee of the Council, when assembled informally, may discuss matters which are or may come before the respective committees when no decisions are being made on the matters discussed.
As mentioned above, Section 3-108 of the Charter creates an obligation for all meetings of committees of the Council to be open to the public in accordance with state laws. For purposes of the Open Meetings Law, a "public body" is defined as:
village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
La.R.S. 42.4.2(A)(2) (Emphasis added).
As the definition provided above clearly indicates, the Council, as well as any committee or subcommittee of the Council, is a "public body" for purposes of the Open Meetings Law. This view is consistent with La. Atty. Gen. Op. No. 01-81, which concerned working committees created by the Ascension Parish Council to discuss various issues. Citing previous opinions addressing committees formed by public bodies under La.R.S. 42:4.2(A)(2), and the fact that the committees deliberated so as to advise the governing authority, the opinion concluded that the working committees were subject to the Open Meetings Law.[1] *Page 5 
Therefore, again, the issue becomes whether or not the gathering in question qualifies as a meeting under the Open Meetings Law. Your letter indicates that the committees are made up of three members; therefore, a quorum of such a committee would be two individual Council Members. Two members of a committee may not deliberate, act or receive information regarding matters which are or may come before the committee unless it is done at a properly noticed meeting under the Open Meetings Law. Two members may, of course, gather in a social or informal setting without violating the Open Meetings Law, but the members may not deliberate or receive information regarding matters coming before the committee.
In conclusion, if a majority of members of the New Orleans City Council or a majority of members of a Committee of the Council, assembled informally, deliberate, act or receive information regarding matters which are or may come before the Council or that Committee, such a gathering is to be considered a "meeting" which must comply with the Open Meetings Law. However, if a majority of the Council or a Committee meet by chance or gather at a social function, as long as there is no deliberation, action or information received concerning a matter over which the Council or Committee has "supervision, control, jurisdiction, or advisory power," such a gathering is not subject to the Open Meetings Law.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] See La. Atty. Gen. Op. Nos. 83-728(A), 84-395, 89-481, and 90-300.